**In re Lorenzo RANDLE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–1751.**

District of Columbia Court of Appeals.

Feb. 3, 2000.

Before TERRY, FARRELL, and WASHINGTON, Associate Judges.

PER CURIAM:

On November 2, 1998, the Court of Appeals of Maryland suspended respondent, Lorenzo Randle, from the practice of law for sixty days by consent. The suspension was based on respondent's commingling of client funds with his personal funds. After Bar Counsel informed this court of respondent's suspension in Maryland, we issued an order suspending respondent *pendente lite* pursuant to D.C. Bar R. XI, § 11(d), and directed the Board on Professional Responsibility ("Board") to recommend whether reciprocal discipline should be imposed.[1]

The Board has found that respondent violated Rule 1.15(a) of the District of Columbia Rules of Professional Conduct, and recommends a sixty-day suspension as reciprocal discipline. The Board further recommends that this suspension be imposed *nunc pro tunc* to January 7, 1999, the date respondent filed the affidavit required by D.C. Bar R. XI, § 14(g).

Acting Bar Counsel has informed the court that he takes no exception to the suspension.

Board's report and recommendation. Respondent has not filed an opposition to the Board's report and recommendation. Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough*, 654 A.2d 1285 (D.C.1995); *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). Accordingly, it is

ORDERED that Lorenzo Randle be suspended from the practice of law in the District of Columbia for the period of sixty days. Because respondent filed the affidavit required by D.C. Bar R. XI, § 14(g), his suspension is ordered *nunc pro tunc* to January 7, 1999.

*So ordered.*